824 F.2d 977
 Unpublished disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re Hyok S. LEW.
 Appeal No. 87-1053.
 United States Court of Appeals, Federal Circuit.
 April 28, 1987.
 
 Before FRIEDMAN, RICH and DAVIS, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Patent and Trademark Office Board of Patent Appeals and Interferences (board) rejecting claims 1-5 in appellant's application serial No. 95,535, filed November 19, 1979, for "Solar Trap" as obvious under 35 USC 103, is affirmed.
 
 OPINION
 
 2
 Although appellant argues that his invention represents a significant advance over the prior art, he has failed to point out how his claimed invention differs in any significant way from the references cited by the board. In particular, appellant states that his light funnel "must have 25-30 degrees funnel angle and a foot or wider entrance aperture." This argument, however, is not directed to the invention defined by the claims which specify a minimum funnel angle of "greater than six degrees and less than thirty-five degrees" and a top opening of "wider than three inches." Appellant has not shown how his relatively minor changes from the prior art structures of Perlmutter and Winston would make the invention as a whole unobvious. Nor has he shown that these differences would have yielded anything other than expected results.
 
 
 3
 Likewise, appellant's repeated assertion that his invention comprises two basic elements, a light funnel and a heat absorbing fin, and operates on the principle of "repeated irradiation," ignores the fact that claims 1 and 2 are directed to the light funnel alone. Only dependent claims 3, 4, and 5 recite a heat absorbing vessel or fin or its equivalent (i.e., the heating vessel of flattened conduit in claim 5). Even so, the disclosure of Eshelman and Hervey provide ample suggestion for modifying an absorber such as the conduit in Cummings to provide a larger surface for greater absorption as in claims 3-5.
 
 
 4
 The remainder of appellant's arguments have been adequately addressed by the board, and appellant's attacks on the integrity and knowledge of the board members are unpersuasive of any error in their analysis as well as being uncalled for. Thus, we affirm on the basis of the board's opinion.